IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No.  09-cv-00701-PAB-MJW

WILLIAM MOORE,

    Plaintiff,

v.

RITA MARIE JACKSON,

    Defendant.

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

This matter comes before the Court on the document entitled "Default Judgement" filed by plaintiff William Moore on June 10, 2009 [Docket No 11]. Interpreting this document liberally, as I am required to do because of plaintiff's *pro se* status, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), I construe it as a motion for entry of default and default judgment.

In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55: first, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b).  *Williams v. Smithson*, No. 95-7019, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (unpublished table opinion) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2nd Cir. 1981)); *Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL

659667, at *1 (D. Colo. Mar. 6, 2008).  Failure to successfully complete the first step of obtaining an entry of default necessarily precludes the granting of default judgment in step two.  *See Williams*, 1995 WL 365988 at *1; *Nasious*, 2008 WL 659667, at *1.

In the present case, pursuant to the power granted in Federal Rule of Civil Procedure 55(a), the Clerk of the Court interpreted plaintiff's filing as a motion for entry of default, but denied the motion for failure to comply with the rules regarding entries of default [Docket No. 12].  *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

The Clerk explained that the motion for an entry of default was denied for two reasons.  First, defendant Rita Marie Jackson filed a motion to dismiss the case in what appears to be a timely fashion [Docket No. 8].  Federal Rule of Civil Procedure 12(a)(4) notes that the time to file an answer to a complaint is postponed, generally, until ten days after the Court decides a motion to dismiss filed under Rule 12.  Defendant's motion to dismiss under Rules 12(b)(5) and 12(b)(6) is such a motion.  Therefore, defendant is not required to file an answer at this time.  The Clerk also noted that plaintiff failed to include an affidavit concerning defendant's military status as required by the Servicemember's Civil Relief Act of 2003, Pub.L.No. 108-189, 117 Stat. 2835 (codified at 50 U.S.C. app § 521).

Because the plaintiff failed to obtain an entry of default under Rule 55(a) at step one, he may not obtain a default judgment at step two.  Therefore, it is

**ORDERED** that plaintiff's motion for default judgment [Docket No. 11] is DENIED.

DATED June 23, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge