IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-00701-PAB-MJW

WILLIAM MOORE,

    Plaintiff,

v.

RITA MARIE JACKSON,

    Defendant.

---

**ORDER DISMISSING CASE**

---

This matter comes before the Court on plaintiff's "Notice and Demand to Withdraw This Case No 09-CV-00701 Against Rita Marie Jackson" [Docket No. 25]. Defendant filed a response in which she states that she does not object to the dismissal, but requests that dismissal be with prejudice. *See* Resp. to Pl.'s Notice and Demand to Withdraw This Case [Docket No. 26] ("Def.'s Resp.") ¶ 3. Defendant further requests that she be awarded "attorney's fees and costs based on the frivolous nature of the suit and Plaintiff's failure to prosecute." Def.'s Resp. ¶ 3.

    **A.  Dismissal With or Without Prejudice**

Federal Rule of Civil Procedure 41 permits a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)-(A)(i). Because defendant has not filed an answer or motion for summary judgment, plaintiff may dismiss this case simply by filing a notice to that effect. Dismissal is effective upon

filing of the notice and no order from the court is required. *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003); *Lorillard Tobacco Co. v. Engida*, 556 F. Supp. 2d 1209, 1212 (D. Colo. 2008) ("The filing of the notice automatically closes the file and leaves the parties as if no action had been brought."). Therefore, by operation of the plaintiff's Notice, this case was dismissed.

As for defendant's request that dismissal be afforded with prejudice, the Court is without authority to provide such relief. The first voluntary dismissal of a particular claim under Rule 41(a)(1)(A)(i) is presumptively without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."); *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009) ("The dismissal is without prejudice, unless the notice of dismissal states otherwise."). Therefore, where a plaintiff voluntarily dismisses a claim under Rule 41(a)(1)(A) without indicating that the dismissal is with prejudice, the dismissal enters without prejudice and a court has no power to command otherwise.[1] *See Lorillard Tobacco*, 556 F. Supp. 2d at 1212-13.

---

[1] Two related concepts support this result. First, a district court may not rule on the merits of a case once a plaintiff files a notice of dismissal under Rule 41(a)(1)(A). *See Janssen*, 321 F.3d at 1000. Second, "voluntary dismissal with prejudice operates as a final adjudication on the merits." *Schmier*, 569 F.3d at 1242. Therefore, a court cannot controvert the will of a plaintiff who files a voluntary dismissal without prejudice under Rule 41(a)(1)(A) by imposing dismissal with prejudice because it would impermissibly adjudicate the merits.

In the present case, there is no indication in plaintiff's Notice that he intended dismissal to be with prejudice and there is no evidence that plaintiff previously dismissed a federal or state court action based on or including the same claim. Therefore, plaintiff's dismissal of this case occurs without prejudice.

### B.  Costs Under Rule 54

Federal Rule of Civil Procedure 54 states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  "[A] defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against the defendant, whether the dismissal is with or without prejudice."  *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 456 (10th Cir. 1995).

Rule 54(d)(1) creates "a presumption that the district court will award costs to the prevailing party."  *Cantrell*, 69 F.3d at 458-59.  Therefore, only where a district court can provide a "valid reason" for not awarding costs to a prevailing party will such a decision be upheld.  *Cantrell*, 69 F.3d at 459.  According to the Tenth Circuit Court of Appeals some of the valid reasons for which a district court may deny costs to a prevailing party include: where a party was only partially successful; where prevailing parties were obstructive and acted in bad faith during the course of the litigation; where the damages awarded were nominal or recovery is otherwise insignificant; where the non-prevailing party was indigent; where the costs are unreasonably high or unnecessary; or where the issues are close and difficult.  *Cantrell*, 69 F.3d at 459.  Although this list is not

exclusive, *see Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000), it has been settled that voluntary dismissal in the early stages of litigation does not qualify as a "valid reason" for denying costs to a prevailing defendant.  *See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1527 (1997) ("Nothing in Rule 54(d) or our case law suggests that we should penalize a party for prevailing early.").

Furthermore, it is the non-prevailing party's burden to establish that a valid reason exists for a denial of costs.  *See Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).  In deciding whether the burden has been met, a court must keep in mind that "the denial of costs is in the nature of a severe penalty, and there must be some apparent reason to penalize the prevailing party if costs are to be denied."  *Rodriguez*, 360 F.3d at 1190 (internal quotation marks omitted).

In this case, I find that no valid reason exists for denying defendant her costs.  In fact, after filing the case, plaintiff has failed to meet deadlines, appear at hearings, and to prosecute this case in general.  Therefore, defendant is entitled to receive her costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920 (2006).

### C.  Attorney's Fees

In her response to plaintiff's notice of dismissal, defendant requests "attorney's fees . . . based on the frivolous nature of the suit and Plaintiff's failure to prosecute." Def.'s Resp. ¶ 3.  This request in untenable for several reasons.  First, defendant's request is not a proper motion.  *See* D.C.Colo.LCivR 7.1C ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper."); *see also* Fed. R. Civ. P. 54(d)(2)(A).  Second, although it is well

established that this Court has the power to condition dismissal under Rule 41(a)(2) by requiring a plaintiff to pay a defendant's attorney's fees, *see AeroTech*, 110 F.3d at 1527-28, the Court's authority to do so under Rule 41(a)(1) is less certain. *Compare Lorillard Tobacco*, 556 F. Supp. 2d at 1213 ("[A] voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i) does not deprive a District Court of its authority to award costs and attorney fees." (internal citations and quotation marks omitted)), *with Maleski v. DP Realty Trust*, 162 F.R.D. 496, 499 (E.D. Pa. 1995) ("Here, since dismissal would be appropriate under Rule 41(a)(1)(i), reimbursement of expenses [including attorney's fees] would not be imposed."), *and* 9 Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure § 2366 (2009). *See Smith v. Phillips*, 881 F.2d 902, 904 & n.4 (10th Cir. 1989) (while "[a] voluntary dismissal by stipulation under Rule 41(a)(1)(ii) is of right, cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court," the same is not true under Rule 41(a)(2)).

Finally, the Court will not grant defendant's request for attorney's fees because a prevailing party in federal court may receive attorney's fees with respect to federal claims only where provided by statute or agreement. *See Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1237-38 (10th Cir. 1999) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). Similarly, a prevailing party in federal court may receive attorney's fees for state-law claims only where provided by rule, statute, or agreement. *Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1177 (10th Cir. 2000).

The character of plaintiff's claims is not entirely clear based on his Complaint. However, because defendant has not identified a statute, rule, or agreement which she believes entitles her to receive her attorney's fees, the Court is unable to entertain her request. Therefore, the Court does not award attorney's fees to defendant in connection with plaintiff's voluntary dismissal of this case under Rule 41(a)(1)(A)(i).

### D.  Conclusion

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), this case was dismissed upon the filing of plaintiff's notice of dismissal. Because plaintiff did not indicate otherwise, dismissal of the case is without prejudice. Furthermore, defendant is entitled to her costs, but her request for attorney's fees is denied at this time. It is, therefore,

**ORDERED** that by operation of plaintiff's "Notice and Demand to Withdraw This Case No 09-CV-00701 Against Rita Marie Jackson" [Docket No. 25], this case is dismissed without prejudice. It is further

**ORDERED** that defendant may have her costs by filing a bill of costs within eleven days of the date of this order. It is further

**ORDERED** that all settings and hearings in this case are hereby vacated and defendant's motion to dismiss [Docket No. 8] is DENIED as moot.

DATED July 28, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge